**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**


UNITED STATES OF AMERICA    :
    :
    :
    v.    :
    :    CRIMINAL ACTION NO.
    :    1:01-CR-0592-JOF
ALPHONSO CORNELIUS DAVIS,    :
    :
    Defendant.    :


## OPINION AND ORDER

The instant criminal action is before the court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582.

In April 2002, a jury found Defendant guilty of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e) and one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a). This court sentenced Defendant as a Career Offender and an Armed Career Criminal under U.S.S.G. § 4B1.1 and 4B1.4. With an offense level of 34 and a criminal history category of VI, Defendant's guideline range was 262 to 327 months. This court sentenced Defendant to 262 months. Defendant filed a direct appeal which the Eleventh Circuit denied. This court rejected Defendant's motion for collateral relief.

18 U.S.C. § 3582(c)(2) addressing motions to reduce sentence states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion by the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Relief under section 3582(c) is limited, however. "A reduction in [a] defendant's term of imprisonment is not consistent with [the policy statement in U.S.S.G. § 1B1.10] and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if [the applicable amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). *See United States v. Armstrong*, 347 F.3d 905, 908 (11th Cir. 2003) (holding that the district court correctly denied a reduction motion where the defendant's offense level was not altered by the retroactive amendment). In determining whether a given amendment will affect a defendant's guideline range, the court may only substitute the amendment for the corresponding guideline provisions that were applied when the defendant was sentenced, and it must leave all other guideline application decisions unaffected. U.S.S.G. § 1B1.10(b)(1). Defendant premises his section 3582 motion on Amendment 706. Amendment 706 generally reduces the offense levels applicable to crack cocaine offenses under U.S.S.G. § 2D1.1 by two levels. The Sentencing Commission has included Amendment 706 on the list of Amendments in section 1B1.10(c) of the Sentencing Guidelines which may be applied retroactively.

2

Here, this court cannot modify Defendant's sentence under section 3582 because Amendment 706 does not affect Defendant's applicable guideline range. Amendment 706 would change Defendant's base level for his crack cocaine offense by two levels, but Defendant's sentence was not based on the base level for his crack cocaine offense. With a lower crack cocaine level in place, Defendant would still have been sentenced as a Career Offender and Armed Career Criminal under sections 4B1.1 and 4B1.4. Defendant's offense level would still have been a 34, his guideline sentence range would still have been 262 to 327 months, and the court could still have chosen to sentence him at the bottom of the range.

The Eleventh Circuit recently addressed this matter in *United States v. Moore*, 2008 U.S. App. LEXIS 18924 (11th Cir. September 5, 2008). The Eleventh Circuit joined the Eighth Circuit and found that where a defendant is sentenced as a career offender under § 4B1.1, Amendment 706 and § 3582(c)(2) do not authorize a reduction in sentence. *See Moore*, 2008 U.S. App. LEXIS 18924, *19; *Unites States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008). Further, Amendment 706 addresses crack, or cocaine base offenses; Defendant was convicted for possession of *powder* cocaine. Defendant's Motion for Reduction of Sentence [124] is DENIED.

**IT IS SO ORDERED** this 30th day of October 2008.

3

_____s/ J. Owen Forrester_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE